UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
R.B. DEVELOPMENT, CO. LTD,

       Plaintiff,

 -against-

TUTIS CAPITAL LLC; THOMAS A. LAWSON, et al.,

       Defendants.
------------------------------------------------------------x
TUTIS CAPITAL LLC and THOMAS A. LAWSON,

  Third Party and Cross-Claim Plaintiffs,

 -against-

METROPOLITAN FINANCIAL HOLDINGS, LTD.; GOLDIE DICKEY; THE LAW FIRM OF BRYANT SAUNDERS, PLLC; TA-LETTA SAUNDERS; and ELIPSE MODERN INC.,

      Third-Party Defendants,
 -and-

LACEE INTERNATIONAL INC.; DIANE L. TURNER; CHAUNCY VILLEROY, LLC; ANDRE VILLEROY; et al.,

      Cross-Claim Defendants.
------------------------------------------------------------x
TUTIS CAPITAL LLC and THOMAS A. LAWSON,

       Plaintiffs,

 -against-

METROPOLITAN FINANCIAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 8 2019 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**ORDER**
12-CV-1460 (CBA) (SMG)
15-CV-0835 (CBA) (SMG)
15-CV-0836 (CBA) (SMG)

1

HOLDINGS, LTD.; GOLDIE DICKEY; THE
LAW FIRM OF BRYANT SAUNDERS,
PLLC; TA-LETTA SAUNDERS; ELIPSE
MODERN INC.; LACEE INTERNATIONAL
INC.; DIANE TURNER; CHAUNCY
VILLEROY, LLC; ANDRE VILLEROY;
ANTUN FOSTER; CHERIZAR CARLISLE;
et al.,

                      Defendants.
------------------------------------------------------------x
TUTIS CAPITAL LLC and THOMAS A.
LAWSON,

                      Plaintiffs,

      -against-

METROPOLITAN FINANCIAL
HOLDINGS, LTD.; GOLDIE DICKIE; et al.,

                      Defendants.
------------------------------------------------------------x

**AMON, United States District Judge:**

Tutis Capital LLC and its principal Thomas Lawson ("Plaintiffs") assert various state-law claims in the three diversity actions captioned above against Defendants Chauncy Villeroy, LLC and Elipse Modern Inc., and their principal, Andre Villeroy (collectively, "the Villeroy defendants"); Metropolitan Financial Holdings and its principal Goldie Dickey (collectively, "the Dickey defendants"); and Lacee International Inc. and its principal Diane Turner (collectively, the "Turner defendants"). Plaintiffs claim that each set of defendants "convinced Tutis and Lawson that they were reputable finance companies and consultants, experienced in structured lending," when they in fact were "unable to access traditional credit markets." (15-CV-0835 D.E. # 1 ¶ 2.) Tutis recommended that its clients make deposits in a series of transactions with the defendants, and "once they did, Defendants simply took the deposits and walked away." (Id.)

2

In each case, Plaintiffs received an entry of default against the Defendants from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a), and thereafter moved for default judgment. The Court referred the motions to the Honorable Steven M. Gold, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On November 14, 2018, Magistrate Judge Gold issued a thorough and well-reasoned R&R, recommending that Plaintiffs' motion be granted in part and denied in part. (12-cv-1460 D.E # 193; 15-cv-835 D.E. # 58; 15-cv-836 D.E. # 48.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the well-reasoned R&R as the opinion of the Court. Accordingly, the Court grants Plaintiffs' motion for default judgment and judgment is entered against the Villeroy, Dickey, and Turner Defendants jointly and severally, in the amount of $2,074,990. Because Tutis did not obtain assignments of claims from its clients "JA" or "Yap," Plaintiffs' motion for default judgment is denied with respect to the claims in 15-cv-836, and the claims based on the transaction involving "JA" in 15-cv-835. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: February 7, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge